FILED'10 FEB 8 14:13USDC-ORP

**Steven M. Wilker**, OSB # 911882
Direct Dial: 503.802.2040
Direct Fax: 503.972.3740
E-Mail: steven.wilker@tonkon.com
**Christopher J. Pallanch**, OSB # 075864
Direct Dial: 503.802.5724
Direct Fax: 503.972.7424
E-Mail: christopher.pallanch@tonkon.com
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

Attorneys for Plaintiff SH Estates, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| SH ESTATES, an Oregon limited liability company, Plaintiff, v. FEDERAL DEPOSIT INSURANCE CORPORATION, a federal corporation, Defendant. | Civil No. CV '10-135 HU **TEMPORARY RESTRAINING ORDER** |

This matter came before the Court at a hearing on Plaintiff SH Estates' Motion for Temporary Restraining Order ("Motion"). The Court has reviewed the Motion and supporting materials. Pursuant to Fed. R. Civ. P. 65(b), the Court hereby finds ~~and concludes:~~ there is a likelihood plaintiff can establish the following facts are true: 2/8/2010

1. SH Estates and the Federal Deposit Insurance Corporation ("FDIC") entered into an Assignment and Assumption Agreement for the FDIC to sell and assign to SH Estates a certain promissory note and deed of trust with a face value of $3.9 million and to re-convey a second deed of trust. The deal was scheduled to close on January 4, 2010.

 ~~EXHIBIT A~~

2. The FDIC failed and refused to perform and to close the agreed upon transaction.

3. The FDIC is now threatening to sell the note and the associated deed of trust to a third party on Tuesday, February 9, 2010.

4. SH Estates has now filed suit against the FDIC for breach of contract and specific performance.

5. SH Estates has a high likelihood of success on its claim.

6. There is an immediate threat of harm to SH Estates if the Court does not issue a temporary restraining order today. The FDIC is threatening to sell the note to a third party tomorrow, February 9, 2010.

7. The benefit to SH Estates from granting the requested restraining order greatly outweighs any detriment to the FDIC.

8. If the Court restrains the FDIC from selling the note and trust deed to anyone other than SH Estates, the FDIC will suffer no harm, because the FDIC will be in the same position it has been in since December 2009 when it first entered into the Assignment and Assumption Agreement with SH Estates.

sufficiently [initials] 2/8/2010

9. The balance of hardships tilts ~~sharply~~ in favor of SH Estates.

Based on the foregoing, The Court FINDS:

10. The public interest favors issuing a temporary restraining order preventing the FDIC from interfering with the Court's later issuing appropriate relief on the claims set forth in the Complaint, pending a fuller evaluation at a hearing on the motion for preliminary injunction.

11. Issuing a temporary restraining order will maintain the status quo between the parties pending a hearing on the motion for preliminary injunction.



12. Because the threatened harm is imminent, the Court finds that a temporary restraining order may issue without further notice to the FDIC, whose attorney has been notified by Plaintiff of this Motion.

13. Because the potential harm to the FDIC from the issuance of this restraining order is minimal, the court finds that a bond or cash undertaking or equivalent in the amount of $5,000 is sufficient and it may comply with this requirement by filing with the Clerk of Court an irrevocable Letter of Credit in that sum no later than 5PM, Tuesday, February 9, 2010.

Now, therefore, IT IS HEREBY ORDERED that:

1. The Federal Deposit Insurance Corporation is hereby restrained and enjoined from selling to any party other than SH Estates, pending a ruling on Plaintiff's Motion for Preliminary Injunction, any of:

a. Promissory Note dated June 1, 2007 in the original principal amount of $3,900,000, made jointly and severally by .MB Custom Homes & Development, Inc. and John Taylor, as Borrowers, payable to the order of Bank of Clark County, as Lender;

b. Line of Credit Deed of Trust, dated June 1, 2007, among MB Custom Homes & Development, Inc. and John Taylor, as Grantors, Bank of Clark County, as Beneficiary, and Trustee Services Inc., as Trustee, as recorded in the land records of Clackamas County, Oregon, on June 1,2007, as Document No. 2007-048193, securing the $3.9 million Note, and

c. Line of Credit Trust Deed recorded June 19, 2008 as Instrument No. 2008-044647, real property records of Clackamas County, Oregon, as it pertains to Lots 1 and 2, Meadowlark Hills, City of Sandy, Clackamas County, Oregon.



 ~~EXHIBIT A~~

2. This temporary restraining order was issued at 2:05 A.M./P.M. on February 8, 2010, for the reasons set forth above.

3. This temporary restraining order shall expire on February 22, 2010, 14 days after the issuance of this order, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.

4. Plaintiff shall post a bond or cash undertaking or equivalent in the amount of $5,000 as security to pay the costs and damages sustained by the FDIC in the event it is found to have been wrongfully restrained.

DATED this 8 day of February, 2010, at 2:05 A.M./P.M.

By
United States District Judge
ANNA J. BROWN

035226/00001/1998169v1